IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRYAN LEE SIMPSON,
No. 07232-030,

Petitioner,

vs.                                                                      Case No. 15-cv-817-DRH

JAMES CROSS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

In 2004, petitioner was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Petitioner pled guilty and the district court imposed a fifteen year sentence based on its finding that petitioner was an armed career criminal pursuant to 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). *See United States v. Simpson*, Case No. 04-

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

cr-00088 (S.D. IA). Subsequently, petitioner filed a direct appeal, a motion for relief under 28 U.S.C. § 2255, and a motion for relief under 28 U.S.C. § 2241. Each of petitioner's attempts to gain post-conviction relief has been unsuccessful.

In the present motion, petitioner claims that the sentencing court erred when it enhanced his sentence based on a finding that petitioner had been convicted of three prior violent felonies or serious drug offenses and, thus, was an armed career offender under the ACCA. Petitioner contends now, and has since his sentencing, that one of his three prior felonies (third degree burglary under Iowa Code § 713.6A) should not have counted as a predicate offense under the ACCA. Having already served over 10 years, petitioner asserts that if he were resentenced without the enhancement, he would be entitled to immediate release.

The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.* 18 U.S.C. § 924(e)(2)(B). The italicized clause, referred to as the "residual clause," has been the subject of much consternation and debate in the federal courts. The United States Supreme Court has struggled for years to offer guidance to lower courts on what precisely constitutes a predicate offense under the residual clause of the ACCA. But on June 26, 2015, the Court gave up the fight and concluded that imposition of an enhanced sentence under the residual

clause violates due process because the vagueness of the clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

Relying on *Johnson*, petitioner argues that he should be resentenced without the ACCA enhancement. Although the Court finds that petitioner's motion survives its preliminary review and shall be referred for further consideration, petitioner should bear the following two cautionary notes in mind.

First, whether the sentencing court relied on the residual clause in finding that petitioner's prior third degree burglary offense constituted a "violent felony" under the ACCA remains to be seen. Petitioner is reminded that *Johnson* did not invalidate the ACCA in its entirety. Prior violent felonies that were *properly* determined at sentencing to fall either into the category of one of the enumerated offenses (generic burglary, arson, extortion, or any offense that involves the use of explosives) or offenses which had as an element the use, attempted use, or threatened use of physical force against the person of another remain valid predicate offenses for purposes of sentencing enhancements under the ACCA.

In addition to clearing this hurdle, petitioner is also advised that "[f]ederal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255, 'the federal prisoner's substitute for habeas corpus.'" *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (*quoting Brown v. Rios,* 696 F.3d 638, 640 (7th Cir.2012)). The exception to this rule is when a § 2255 remedy "is inadequate or ineffective to test the

legality of his detention." *See* 28 U.S.C. § 2255(e). *In re Davenport,* 147 F.3d 605 (7th Cir.1998), established three conditions for when this exception applies. *Id.* at 610–12. First, a petitioner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir.2013) (citations omitted) (internal quotation marks omitted).

The Seventh Circuit on August 4, 2015, concluded that *Johnson* announces a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. *Price v. United States*, Case No. 15-2427, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015) (authorizing District Court to consider second or successive § 2255 motion seeking relief under *Johnson*). *Price* seems to suggest that a motion filed pursuant to § 2255 is the appropriate vehicle for seeking relief under *Johnson*. If petitioner decides to pursue relief under § 2255, he is advised that because he previously filed a § 2255, he, like the petitioner in *Price*, would need to seek permission to file a second or successive § 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced. *See* 28 U.S.C. § 2244(b)(3).

That being said, the petition pending before this Court was filed pursuant to 28 U.S.C. § 2241, and cannot be re-characterized as a § 2255 motion. In

*Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007), the Seventh Circuit held that "judges must respect the plaintiff's choice of statute to invoke-whether § 2241, § 2255, or 42 U.S.C. § 1983-and give the action the treatment appropriate under that law." Because *Johnson* has broken ground in an area with little precedent, and out of an awareness of the pressing nature of petitioner's claim,[2] the Court will allow petitioner to proceed, at least for now, on his theory that a § 2255 motion is inadequate or ineffective and the government shall be ordered to respond to the instant petition.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before September 10, 2015).[3] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local

---

[2] In addition to the present petition, petitioner has filed a motion to expedite for good cause shown (Doc. 2). Since the Supreme Court's ruling in *Johnson*, the Court has received numerous motions, similar to petitioner's, seeking expedited relief. The Court endeavors to address these petitions as expeditiously as possible. As such, petitioner's motion to expedite for good cause shown (Doc. 2) is **DENIED AS MOOT**.

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated:** August 11, 2015

Digitally signed by David R. Herndon
Date: 2015.08.11 15:52:55 -05'00'

**United States District Judge**